RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/22/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TERRE ROMAONDO ENGLISH** | **DOCKET NO. 1:12-CV-2819; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WINN CORRECTIONAL, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights (42 U.S.C. §1983) lawsuit initiated by Terre' Romaondo English on October 31, 2012. Petitioner was granted leave to proceed in forma pauperis on November 2, 2012. [Doc. #6] He is an inmate in the custody of the Louisiana Department of Corrections (DOC) and is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He names as defendants WNC, Tim Keith, Mr. Holden, Mr. Woods, and "Medical Personnel."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff complains that on February 21, 2012, while on a hospital trip at Huey P. Long hospital, he was attacked by another inmate inside of a holding cell. Plaintiff was restrained, but the other inmate, whose arm had just been placed in a cast, was not restrained. The other inmate became agitated and hit Plaintiff in the back of the head with his arm cast. Officer Holden removed Plaintiff from the cell after he was struck and contacted WNC for

backup. The other inmate was then placed in flexible cuffs.

When Plaintiff arrived back at WNC, his head was examined by the medical staff. No injuries were noted. [Doc. #1-1, p.7] Plaintiff was then escorted to lockdown and placed in Pre-Hearing Detention. The disciplinary hearing officer found that Plaintiff was not guilty of any violation, and he was released back to the general population. Because he was placed in disciplinary segregation, Plaintiff lost his more favorable housing assignment.

### *Preliminary Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### *Law and Analysis*

Plaintiff alleges that the officer was negligent in failing to put restraints on the inmate who hit Plaintiff with his arm cast.

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." Longoria v. Texas, 473 F.3d 586, 592 (5th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). This duty, which is grounded in the Eighth Amendment's prohibition against "cruel and unusual punishments," is nevertheless a limited one. See Farmer, 511 U.S. at 832-34. To state a claim for failure to protect, an inmate must allege that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and that (2) a prison official was "deliberately indifferent" to this risk. Id. at 834.

A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). Finally, even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

Plaintiff does not claim that the guard consciously disregarded a serious risk to Plaintiff's safety. He alleges that

3

the guard was negligent in his actions, not that he intended or desired for Plaintiff to be harmed by the inmate or that he knew the inmate was going to strike Plaintiff. Plaintiff also provides that the guard immediately removed him from the situation and called for backup. A guard then cuffed the assailant. There is no allegation or evidence of deliberate indifference on the part of any defendant with regard to the attack.

Although Plaintiff lost his housing assignment due to the disciplinary charge, he does not have a right to a particular housing assignment. Inmates do not have a protected property or liberty interest in their custodial classifications. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988).

Moreover, the "physical injury" required by §1997e(e) must be more than de minimis, but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). Plaintiff has not alleged more than a de minimis physical injury. He was hit once in the back of the head with the other inmate's casted arm. Upon examination, no physical injury was noted. Although Plaintiff complains that he suffers from "mild headaches" and blurred vision since the attack, the injury was not bad enough to seek medical

4

attention.[1]  A more than *de minimis* physical injury, as defined by §1997e(e) and the jurisprudence, "...is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." See <u>Luong v. Hatt</u>, 979 F.Supp 481 (N.D. Tex. 1997). Plaintiff's injury is consistent with the type of *de minimis* injury discussed in <u>Luong</u>.

### *Conclusion*

In conclusion, Plaintiff has failed to allege deliberate indifference by the defendants to state a claim for the violation of constitutional rights. Moreover, even if he had, he has failed to allege more than a *de minimis* physical injury suffered, as required by 42 U.S.C. §1997e(e). Therefore, **IT IS RECOMMENDED** that his complaint be **DENIED AND DISMISSED** with prejudice as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

---

[1] Plaintiff states that he is "an indigent offender and medical treatment is too costly for me to inquire about." However, Plaintiff does not claim that he was denied medical care with regard to the alleged injuries because of an inability to pay - he admits that he did not seek treatment.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE